UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL L. SANFORD, JR.,

    Plaintiff,

v.                                                                              Case No. 8:24-cv-2283-WFJ-LSG

SHERIFF GRADY JUDD,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on *pro se* Plaintiff Russell L. Sanford, Jr.'s civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Sanford has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Sanford is a pretrial detainee at the Polk County Jail. (Doc. 1 at 4). He challenges as unconstitutional a wide variety of jail conditions. For example, Mr. Sanford alleges that (1) he has become "ostracized from American and world culture" because he lacks access to "newspapers, . . . radios, [and] televised news"; (2) the jail has not offered any "church services for over a year"; (3) he has not had "the chance to see an optometrist"; (4) he is not fed "green leafy vegetables," fish, or eggs; (5) the jail has a "book cart" with around "100 books" rather than a library; and (6) gang members have "violently robbed" him of "canteen" items. (*Id.* at 9-17). Mr. Sanford sues a single defendant: Sheriff Grady

Judd. (*Id.* at 4). He does not, however, allege any facts about Sheriff Judd's involvement in (or awareness of) the conditions described in the complaint.

As currently pled, Mr. Sanford's complaint is deficient. The sole named defendant in this action is Sheriff Judd. "[S]upervisory officials [such as Sheriff Judd] are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

Mr. Sanford does not allege that Sheriff Judd personally participated in any unconstitutional conduct. Thus, Mr. Sanford must plead facts showing a causal connection between Sheriff Judd's actions and the conditions in the jail. Mr. Sanford "can meet that extremely rigorous challenge" by showing that "(1) a history of widespread abuse put[] [Sheriff Judd] on notice of the need to correct the alleged deprivation, and he[] fail[ed] to do so; (2) [Sheriff Judd's] custom or policy result[ed] in deliberate indifference to constitutional rights; or (3) facts support an inference that [Sheriff Judd] directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1298. The allegations in the complaint are insufficient to establish the requisite causal connection.

Because Mr. Sanford fails to state a claim against the sole named defendant in this action, his complaint must be dismissed. In light of his *pro se* status, the Court will give

Mr. Sanford an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Sanford's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a. If Mr. Sanford wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Sanford should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Sanford's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Sanford fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order

becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Sanford must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Sanford a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on October 22, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**